1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH AND BETTY LAMBRECHT,

                     Petitioners,

v.

IN RE THE INTEREST OF S.M.H.,

                     Respondent.

NO. 10-5680 RJB

ORDER REMANDING CASE

This matter comes before the Court on Petitioners' petition for removal (Dkt. 1).  The Court has reviewed the petition and supporting documentation *sua sponte* to determine whether the matter was properly removed.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 22, 2010, Petitioners filed a petition of removal.  Dkt. 1.  This petition was apparently unaccompanied with payment for the filing fee.  *Id.*  In their petition for removal, Petitioners outline the apparent circumstances surrounding their attempted adoption of a minor child, S.M.H.  *Id.*

In support of their petition for removal, Petitioners include a "Notice of Pre-Emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel.*"  Dkt. 1-4.  In this notice and in their petition, Petitioners assert that the Court has jurisdiction to hear their claims pursuant to 28 U.S.C. § 1443.  Dkt. 1-4, at 2.  Petitioners state

ORDER REMANDING CASE- 1

that although "their skin colors are white" and that "there is no racial discrimination component in this case," § 1443 nonetheless remains "a perfect basis for removal to federal court" because the statute ensures the protection of "basic civil rights."  Dkt. 1-4, at 2-4.  On September 27, 2010, Petitioners filed several additional pleadings.  Dkts. 2-5.

### DISCUSSION

*Filing Fee.*  As a preliminary matter, the Court can find no record that Petitioners paid the $350 filing fee necessary for instituting a removal action in federal court.  *See* 28 U.S.C. § 1914(b).  In the absence of the required fee, adjudication of Petitioners' case on the merits is improper at this time.

*Removal via § 1443.*  Even if Petitioners were to pay the filing fee, Petitioners have not shown that they can properly remove their case to federal court.  Petitioners' petition for removal and supporting documentation fails to establish that this Court has subject matter jurisdiction over Petitioners' case.  Jurisdiction is a threshold issue that must be raised *sua sponte*.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09; *see Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986).  28 U.S.C. § 1441 provides that a state case "may be removed *by the defendant or the defendants*…to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added).  Here, Petitioners are not the defendants in the removed state court action but the applicants of a "Petition for Adoption" to which the Washington State Department of Social and Health Services did not consent.  Dkt. 1, at 18.

However, even if Petitioners could satisfy the requirements of § 1441, contrary to Petitioners' claims 28 U.S.C. § 1443 does not provide a jurisdictional basis for removal of this matter.  Section 1443 provides that a Defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under

ORDER REMANDING CASE- 2

any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  There are two components to removal jurisdiction under § 1443(1): (1) the right must arise under a federal law providing for equal rights; and (2) the removing party must be unable to enforce that right in state court.  *See Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975); *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970) (per curiam).

First, the right that Petitioners assert is not under "any law providing for…equal civil rights."  In *Georgia v. Rachel*, the Supreme Court held that this phrase "must be construed to mean any law providing for specific civil rights stated in terms of racial equality."  384 U.S. 780, 792 (1996).  Petitioners concede that "there is no racial discrimination component" in this case. Dkt. 1-4, at 3.  Therefore, § 1443 cannot form the basis for jurisdiction in this case.

Second, Petitioners claim in their petition and supporting documentation that removal under § 1443 is proper in order to protect Petitioners' "well established Liberty, Privacy and Property Interests."  Dkt. 1-4, at 3.  The Court in *Rachel*, however, expressly rejected the argument that the language of § 1443(1) encompasses such general rights arising under the Due Process Clause of the Fourteenth Amendment.  The Court explained that "because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands," such rights cannot form a basis for jurisdiction under § 1443.  *Rachel*, 384 U.S. at 792.  As the Eight Circuit subsequently explained, "[§] 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights."  *United States ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) (per curiam).

Third, Petitioners' petition for removal does not show that Petitioners are denied or cannot enforce their rights in state court.  *See City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966); *Sandoval*, 434 F.2d at 636 ("Petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a

1    constitutional provision that purports to command the state courts to ignore the federal rights.").

2         Fourth, Petitioners urge the Court to ignore *Georgia v. Rachel* and its progeny and "retain

3    inherent jurisdiction over basic federal questions of Liberty, Privacy and Property Interests"

4    because to do otherwise would be to "elevate the basic civil rights in racial equality above the

5    basic civil rights in Liberty, Privacy and Property Interests."  Dkt. 1-4, at 4.  The Court, however,

6    must follow the interpretation of 28 U.S.C. § 1443 promulgated by the United States Supreme

7    Court and the Ninth Circuit.  The Court also notes that at least three other District Courts have

8    reached the same conclusion regarding removal under § 1443 after encountering substantially

9    identical pleadings.  *See Rice v. Rice*, No. 10-2002, 2010 WL 2090088 (D. Minn. May 21, 2010);

10   *Brum v. County of Wood, W. Va.*, No. 6:07-cv-00405, 2008 WL 3094586 (D. S.D. W. Va. Aug.

11   4, 2008); *Indiana v. Helman*, No. 1:08-CR-48-TS, 2008 WL 2356732 (D. N.D. Ind. Jun. 5,

12   2008).

13        <u>*Other bases of subject matter jurisdiction*</u>.  Finally, Petitioners' petition for removal does

14   reference, in passing, 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  Dkt. 1, at 2.  However, to the

15   extent that Petitioners' could raise a federal question under § 1983, adjudication of those claims

16   by a federal district court at this time is improper as a de facto appeal pursuant to the *Rooker-*

17   *Feldman* doctrine.  *See Noel v. Hall*, 348 F.3d 1148 (9th Cir. 2003) ("Once a federal plaintiff

18   seeks to bring a forbidden de facto appeal,…that federal plaintiff may not seek to litigate an issue

19   that is "inextricably intertwined" with the state court judicial decision from which the forbidden

20   de facto appeal is brought.").

21        Because Petitioners have not properly removed their case and because this Court lacks

22   subject matter jurisdiction to hear Petitioners' claims, this case should be remanded to the Clark

23   County Superior Court pursuant to 28 U.S.C. § 1447(c) without consideration of Petitioners'

24   additional pleadings.

25

26

ORDER REMANDING CASE- 4

1    Therefore, it is hereby **ORDERED** that this matter is **REMANDED** to the Clark County

2  Superior Court.

3    DATED this 29th day of September, 2010.

4

5

6    ROBERT J. BRYAN
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REMANDING CASE- 5